IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kirk Wescoe,                                  :
                          Petitioner          :
                                              :
            v.                                :     No. 1010 C.D. 2021
                                              :     Submitted: March 4, 2022
Fedchem, LLC and State Workers'               :
Insurance Fund (Workers'                      :
Compensation Appeal Board),                   :
                          Respondents         :

BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                      FILED: August 16, 2022

            Kirk Wescoe (Claimant) has petitioned this Court to review an
adjudication of the Workers' Compensation Appeal Board (Board), which affirmed
the decision of the Workers' Compensation Judge (WCJ). The WCJ granted a
petition to modify compensation benefits filed by Fedchem, LLC (Employer). In
this appeal, Claimant challenges as unconstitutional the retroactive application of
Act 111,[1] which altered the criteria for modification of a claimant's benefits based
on the results of an impairment rating evaluation (IRE). Upon review, this case is
controlled by *Pierson v. Workers' Compensation Appeal Board (Consol
Pennsylvania Coal Co.)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d

_____

[1] Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Act 111 repealed Section 306(a.2) of the
Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act
of June 24, 1996, P.L. 350, *formerly* 77 P.S. §511.2, and added Section 306(a.3), 77 P.S. §511.3.

378 (Pa. 2021), in which this Court previously rejected similar claims. Thus, we affirm.

## I. BACKGROUND

On September 8, 2011, Claimant sustained a work-related injury to his lower back.[2] Employer acknowledged the injury as a lower back strain in a notice of compensation payable, which was later amended to include an L4-5 disc herniation with radiculopathy. Claimant received disability benefits at a weekly rate of $858 based upon an average weekly wage of $1,329.64.[3]

On November 5, 2019, Employer filed a modification petition alleging that Claimant had a whole-body impairment rating of 13%. The WCJ held hearings, at which Employer presented testimony from Lucian Bednarz, M.D., a board-certified physiatrist. Dr. Bednarz performed an IRE of Claimant under the Sixth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides) (second printing April 2009).

In response, Claimant presented the testimony of Maxime Gedeon, M.D., a board-certified interventional pain management physician. Dr. Gedeon conceded that he is not certified to perform an IRE but cautioned that Claimant's symptoms wax and wane based upon the treatment that he receives. Claimant also testified about his injury, the symptoms he continues to experience, and the various treatments he has received.

---

[2] Unless stated otherwise, we adopt the factual background for this case from the Decision of the WCJ, entered December 7, 2020, which is supported by substantial evidence of record. *See* WCJ Decision, 12/7/20, at 3-8.

[3] This case has a lengthy procedural history, which we need not discuss in detail. Nevertheless, we note that, in August 2016, Employer filed a separate petition to modify benefits. Based upon a labor market survey, the WCJ ultimately reduced Claimant's benefits to $673.09 per week as of August 3, 2016. *See* WCJ Decision, 9/22/20. There is no dispute before us regarding that decision.

2

Upon considering this evidence, the WCJ credited the testimony of Dr. Bednarz over that of Dr. Gedeon. The WCJ concluded that Employer established that Claimant had a whole-body impairment of 13% and, therefore, granted Employer's petition, modifying Claimant's benefits to partial disability status effective April 5, 2019.

Claimant appealed to the Board, which affirmed. *See* Bd. Op. & Order, 9/8/21. Claimant then timely petitioned this Court for review.

## II. ISSUE

Claimant challenges the Board's retroactive application of Act 111. Claimant's Br. at 4. According to Claimant, because the IRE provisions in Act 111 present a substantive change in the law, these provisions may only apply prospectively. *Id.* at 6. Further, Claimant asserts that he has a vested right to his disability benefits. *Id.* at 9. Thus, according to Claimant, the Board violated the Remedies Clause of the Pennsylvania Constitution when it granted Employer a credit for those weeks of total disability benefits paid prior to the enactment of Act 111. *See id.* at 9-10.[4] Claimant's claims are without merit.[5]

## III. ANALYSIS

In a workers' compensation appeal, our review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Bryn*

---

[4] The Remedies Clause provides that "every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law . . . [.]" PA. CONST. art. I, §11. The Remedies Clause prohibits the enactment of retroactive legislation if its application would extinguish a "vested right." *Konidaris v. Portnoff Law Assocs., Ltd.*, 953 A.2d 1231, 1242 (Pa. 2008).

[5] For its part, Employer flatly rejects these claims, asserting that this Court has previously determined that Act 111 is constitutional and applies retroactively. *See* Employer's Br. at 8 (citing in support *Pierson*).

3

*Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (citation omitted).

## A. Recent Case Law and the Legislative Response

A brief overview of the recent case law and statutory developments will provide appropriate context to Claimant's appeal. Under former Section 306(a.2)(2) of the Act, 77 P.S. § 511.2 (repealed), the General Assembly authorized the use of an IRE to determine a claimant's disability status. Former Section 306(a.2)(2) required a physician to perform an IRE in accordance with the methodology set forth in "the most recent edition" of the AMA Guides. *See* 77 P.S. § 511.2(2) (repealed). If the IRE yielded a whole-body impairment rating equal to or greater than 50%, then the claimant was presumed to be totally disabled, whereas a claimant with an impairment rating less than 50% was considered partially disabled. *See id.*[6] At the time former Section 306(a.2) was enacted, "the most recent edition" of the AMA Guides was the Fourth Edition. Thereafter, the American Medical Association issued a Fifth Edition and Sixth Edition of the AMA Guides.

In 2015, this Court determined that former Section 306(a.2) of the Act was an unconstitutional delegation of legislative authority because it proactively approved new versions of the AMA Guides without review. *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015), *aff'd in part and rev'd in part*, 161 A.3d 827, 841 (Pa. 2017) (*Protz II*). Rather than striking former Section 306(a.2) in its entirety, we remanded the matter to the Board with instructions that any IRE must adhere to the Fourth Edition of the AMA Guides, which was in effect at the time the General Assembly enacted former Section

---

[6] A change in disability status does not alter the amount of compensation received by a claimant but limits the receipt of benefits to 500 weeks. *See* Section 306(b) of the Act, 77 P.S. § 512(1).

306(a.2). *Id.* Upon further review, our Supreme Court affirmed this Court's holding that former Section 306(a.2) impermissibly delegated legislative power to a private entity. However, it concluded that the offending language, *i.e.*, "the most recent edition" of the AMA Guides, could not be severed from the Act. Accordingly, the Supreme Court declared the entirety of former Section 306(a.2) to be unconstitutional. *Protz II*, 161 A.3d at 841.

Subsequently, the General Assembly passed Act 111, which replaced former Section 306(a.2) of the Act with new Section 306(a.3). Similarly, Section 306(a.3)(1) provides that once a claimant receives 104 weeks of total disability compensation, an insurer or employer may require the claimant to submit to an IRE. 77 P.S. § 511.3. However, Section 306(a.3) of the Act enacted new standards for an IRE. It expressly adopted the Sixth Edition of the AMA Guides (second printing April 2009) as the basis for a qualified physician's IRE, and it reduced the threshold required for a total disability status from a 50% whole-body impairment rating to 35%. *Id.*[7]

Recently, in *Pierson*, this Court addressed the retroactive application of Act 111. In that case, the claimant had sustained a work-related injury in 2014, prior to the passage of Act 111. *Pierson*, 252 A.3d at 1171. The Board granted the employer's petition to modify the claimant's disability status from total to partial based on an IRE performed after the effective date of Act 111. *Id.* at 1172. On appeal to this Court, the claimant argued that (1) Act 111 cannot be applied retroactively because it represents a substantive, not a procedural, change in the law;

---

[7] In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 317 (Pa. Cmwlth. 2019), *aff'd* (Pa., No. 88 MAP 2019, filed August 18, 2020) (*per curiam*), this Court determined that Section 306(a.3) of the Act does not constitute an unconstitutional delegation of legislative authority because the General Assembly named and adopted a particular set of standards as its own.

and (2) applying Act 111 to injuries predating its enactment would impair his vested disability rights in violation of the Remedies Clause. *Id.* at 1175.

In rejecting these arguments, we explained that a vested right is "one that so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent." *Id.* at 1179 (cleaned up). Yet, we observed, "there are reasonable expectations under the Act that benefits may change." *Id.*; *see also* Section 413(a) of the Act, 77 P.S. § 772 (providing that a WCJ may "modify, reinstate, suspend, or terminate" benefits at any time "upon proof that the disability of an injured" employee has changed). Thus, Act 111 did not deprive claimants of a vested right but "simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole body impairment of less than 35%, after receiving 104 weeks of [total temporary disability] benefits." *Pierson*, 252 A.3d at 1179.

Further, the General Assembly specified using "clear language" that employers/insurers were entitled to credit for the weeks of disability compensation paid to an injured employee prior to the passage of Act 111. *See id.* at 1179-80 (quoting *Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 561-62 (Pa. Cmwlth. 2020)); *see also* Act 111, § 3(1) ("[A]n insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph."), § 3(2) ("[A]n insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph."). Therefore, the employer credit provision was "explicitly given retroactive effect . . . by the General Assembly." *Pierson*, 252 A.3d at 1180.

6

## B. *Pierson* is Dispositive

Our analysis in *Pierson* is directly applicable and controlling here. Claimant, like the claimant in *Pierson*, sustained his work-related injury before the passage of Act 111. Employer, like the employer in *Pierson*, sought to modify Claimant's benefits based on an IRE obtained after the Act's effective date. Claimant, like the claimant in *Pierson*, challenges the retroactivity of the employer credit provision of Act 111 and asserts a vested right in his disability benefits. Therefore, based on our reasoning in *Pierson*, we reject Claimant's arguments. *Accord Sochko v. Nat'l Express Transit Serv. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2021, filed March 16, 2022); *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed February 15, 2022); *Dohn v. Beck n' Call (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 103 C.D. 2021, filed September 20, 2021).[8]

## IV. CONCLUSION

For the foregoing reasons, we conclude that the Board's application of Act 111 in modifying Claimant's benefits to partial disability status did not violate the Remedies Clause found in article I, section 11 of the Pennsylvania Constitution because Claimant does not have a vested right to workers' compensation benefits. Thus, we affirm the Board's adjudication.

LORI A. DUMAS, Judge

---

[8] We cite *Sochko*, *Hender-Moody*, and *Dohn* for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kirk Wescoe,                         :

            Petitioner     :

                         :

        v.              :    No. 1010 C.D. 2021

                         :

Fedchem, LLC and State Workers'  :

Insurance Fund (Workers'       :

Compensation Appeal Board),    :

           Respondents  :

## **O R D E R**

AND NOW, this 16th day of August 2022, the order of the Workers' Compensation Appeal Board, entered September 8, 2021, is AFFIRMED.

                                     

                          LORI A. DUMAS, Judge